IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | | |
|---|---|---|
| **JERMAINE JOHNSON,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 3:05-0487** |
| | ) | **(Criminal No. 3:03-0213)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Affirmation in Support (Document No. 36.) and Memorandum in Support of his Motion filed on June 15, 2005. (Document No. 36.) . (Document No. 37.)[1] Movant contends that his retained attorney, Mr. William H. Harding, was ineffective in representing him in objecting to the Presentence Investigation Report and in sentencing proceedings with respect to the determination of relevant conduct[2] and enhancement of his sentence for his possession of a firearm[3] and in failing to initiate a direct appeal. On June 21, 2005, the Court ordered Respondent to respond to Movant's Motion (Document No. 40.), and Respondent did so on

---

[1] Because Movant is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer, and therefore, are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Mr. Harding objected to the Probation Office's recommendation respecting relevant conduct as it was based upon Mr. Sanders' grand jury testimony, and Mr. Harding's examination of Mr. Sanders at Movant's sentencing hearing was thorough and very effective.

[3] Mr. Harding did not object to the Probation Office's recommendation respecting the firearm enhancement though it was also based upon Mr. Sanders' grand jury testimony, and Mr. Harding did not question Mr. Sanders at Movant's sentencing hearing about it.

December 8, 2005. (Document No. 47.) Movant filed a Reply to Respondent's Response on December 28, 2005. (Document No. 49.) By Order filed on May 13, 2010, the Court, having considered Movant's Section 2255 Motion, Respondent's Response and Movant's Reply, scheduled a hearing for Friday, June 4, 2010, and directed that Mr. Harding attend the hearing and bring with him documents germane to Movant's ineffective assistance of counsel/failure to appeal claim. (Document No. 77.) By Order filed on May 19, 2010, the Court appointed Assistant Federal Public Defender Edward H. Weis to represent Movant in these proceedings. (Document No. 78.) On May 27, 2010, Movant filed a Request that the Court consider additional issues at the hearing. (Document No. 88.) By Order filed on May 26, 2010, the Court continued the hearing to June 25, 2010. (Document No. 85.) The undersigned held the hearing on June 25, 2010. Movant was present and represented by Assistant Federal Public Defender Edward H. Weis and Respondent was represented by Assistant United States Attorney Erik S. Goes. Mr. Harding was also present. At the hearing, the parties advised the Court that they had agreed that United States v. Johnson, Criminal No. 3:03-0213, should be reopened for a further sentencing proceeding to determine whether or not the enhancement of Movant's sentence for his possession of a firearm was appropriate in view of the Court's finding that Mr. Sanders' testimony on the relevant conduct issue was not credible and for Movant's resentencing as may be appropriate.[4] The firearm enhancement was based entirely upon the grand jury testimony of Mr. Warren Sanders[5], and the District Court found Mr. Sanders' testimony respecting the amount of crack cocaine which he sold to Movant not credible and accepted

---

[4] Movant does not contest the District Court's conclusion respecting relevant conduct.

[5] The Presentence Investigation Report indicates that on September 9, 2003, Mr. Sanders testified before a Grand Jury that Movant had two handguns and "had one of the two of them in his possession during some of their business transaction." (Document No. 86, ¶ 12.)

Movant's testimony. (Document No. 34, p. 105.) As these circumstances developed during Movant's sentencing hearing and as the parties were focused upon the question of relevant conduct, the parties did not consider what effect the Court's determination respecting Mr. Sanders' credibility might have upon the firearm enhancement. Consequently, the issue was not raised. Additionally, Movant pointed out at the hearing that the District Court held his sentencing hearing on June 14, 2004 (Document No. 34 (Sentencing Transcript)) and filed its Judgment in a Criminal Case on June 18, 2004 (Document No. 31.), and the United States Supreme Court issued its decision in <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), on June 25, 2004, within the period of time when he could file his notice of appeal.[6] On January 12, 2005, the United States Supreme Court issued its decision in <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), announcing a new standard for sentencing. Under these circumstances, the parties agreed and proposed that <u>United States v. Johnson</u>, Criminal No. 3:03-0213, should be reopened for a further sentencing proceeding solely for the purpose of determining whether or not the enhancement of Movant's sentence for his possession of a firearm was appropriate in view of the Court's finding that Mr. Sanders' testimony on the relevant conduct issue was not credible and for Movant's resentencing as may be appropriate under <u>Booker</u>.

---

[6] In *Blakely*, the Supreme Court reaffirmed the Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment. *Blakely*, 542 U.S. at 302, 124 S.Ct. at 2537.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing statements respecting the factual and procedural background and accordingly **RECOMMENDED** that the District Court **REOPEN** United States v. Johnson, Criminal No. 3:03-0213, for a further sentencing proceeding solely for the purpose of determining whether or not the enhancement of Movant's sentence for his possession of a firearm was appropriate in view of the Court's finding that Mr. Sanders' testimony on the relevant conduct issue was not credible and for Movant's resentencing as may be appropriate under Booker. It is further recommended that, having held the further sentencing proceeding in United States v. Johnson, Criminal No. 3:03-0213, and effectively restored Movant's appeal rights, the District Court **DISMISS** Movant's Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (Document No. 36.) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert c. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Movant who is acting *pro se* and counsel of record.

ENTER: June 28, 2010.

R. Clarke VanDervort
United States Magistrate Judge